IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ULFERTS V. PROKOP

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MARK ULFERTS, APPELLEE,

V.

ROBERT J. PROKOP, APPELLANT.

Filed January 24, 2017.    No. A-15-651.

Appeal from the District Court for Nance County: RACHEL A. DAUGHERTY, Judge. Affirmed.

Robert J. Prokop, pro se.

Darren S. Wright, of Bird & Wright, P.C., for appellee.

MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

PIRTLE, Judge.

## INTRODUCTION

Mark Ulferts brought a complaint against Robert J. Prokop for breach of contract when Prokop declined to pay the final bill for farming services rendered by Ulferts during the 2010 contract year. Prokop appeals from an order of the district court for Saline County, entering judgment based on a unanimous jury verdict in favor of Ulferts in the amount of $5,348.76.

## BACKGROUND

Prokop and Ulferts entered into a custom farming agreement in 1998. A written contract was prepared, but was not signed by the parties. Ulferts asserted there were multiple oral amendments to the farming agreement, the terms of which were agreed upon by both parties, but

- 1 -

never set forth in writing. The agreement between the parties continued on a year-by-year basis through 2010.

In November 2010, Prokop sent Ulferts notice, by certified mail, that he was terminating their agreement. In January 2011, Ulferts submitted a "final bill" to Prokop for unreimbursed expenses and services rendered during the 2010 farming year. Ulferts subtracted from the final bill the amounts he owed to Prokop for pasture rights and hay. When Prokop did not make the final payment, Ulferts brought this action for $5,348.76, the amount charged in the final bill.

Prokop filed a counterclaim which was summarily dismissed on November 7, 2014. Due to Prokop's failure to comply with pretrial orders, the court ordered that he not be permitted to introduce evidence which was not disclosed in his responses to Ulferts' interrogatories. He was also barred from calling witnesses who were not identified in his responses to Ulferts' interrogatories.

A jury trial was held on June 15 and 16, 2015 in the district court for Nance County. Ulferts testified that he submitted the final bill to Prokop by mail on January 10, 2011 and the mailing included receipts for the items purchased on Prokop's behalf. He sent the bill again, by first class mail, in February and March. He sent the bill by certified mail in May 2011. Ulferts offered Exhibit 6, a return receipt signed by Prokop on May 10. Ulferts testified that Prokop never paid him for the charges included in the bill.

The unsigned contract prepared in 1998 was entered into evidence as Exhibit 7. The document provides that payment for Ulferts' farming efforts would be paid in installments on May 15, July 15, and "November 1 or when harvest is completed." Ulferts testified that each year Prokop made payments on May 15, July 15, and in the fall, after the corn was harvested. The amount of these bills were an "average" of how much was owed "based on the amount of acres, corn and soybeans were planted." Ulferts added that he would send a "final bill sometime in December or early January." The final bill included the cost of labor and a detailed list of his out-of-pocket expenses. He specifically testified that he received four payments from Prokop each year of the agreement prior to 2010. He stated that Prokop never expressed any concern that bills were not arriving on time, and Prokop did not dispute the type of expenses or the labor charges calculated in the final bills.

Ulferts testified that the expenditures and labor set out in the 2010 final bill were typical of the arrangement with Prokop and were the costs incurred for Prokop's benefit. Prokop never contacted Ulferts about the final bill; he did not acknowledge receipt of the bill, or state whether he intended to pay it.

Prokop testified that he signed one copy of the contract for the custom farming agreement. He stated that he provided it to Ulferts, but it was never returned with Ulferts' signature. Prokop testified that he operated "as much as possible under that agreement," letting Ulferts "do the basic farming," and doing the rest himself. Prokop testified that the "fundamental portion" of the agreement did not change over time. He testified that Ulferts' specific duties did change over time, and these changes were not recorded.

Prokop said that he provided the necessary supplies for the agreement, but said there were "a few" expenses that Prokop reimbursed Ulferts for, beyond the agreed upon price per acre. As far as Prokop was concerned there was never any agreement or contract regarding Ulferts' rental

of pasture or stalks, or purchase of hay. He was aware that Ulferts used his land for pasture from 1998 to 2010, and stated that Ulferts always said that he subtracted these items from his expenses.

Prokop testified that he did not recall receiving bills, such as Ulferts' 2010 final bill, during the three previous years. He testified that he did not receive the final bill by mail in January or February 2011. He said he became aware of Ulferts' claim for approximately five thousand dollars in February 2011 when he came in contact with Ulferts while stopped on a country road with a flat tire. Prokop testified that he received a certified demand letter from Ulferts, but that the letter did not contain an itemized list representing the amount due.

The case was submitted to the jury, who found that Ulferts met his burden of proof. The jury assessed damages for the full amount of Ulferts' claim. Prokop timely appeals.

## ASSIGNMENTS OF ERROR

Prokop's asserts that (1) Ulferts failed to present factual evidence; (2) Ulferts breached the contract; (3) Ulferts failed to follow the rules of discovery; (4) the Court exhibited bias and prejudice toward him; and, (5) he had inadequate legal counsel. Prokop also filed a document titled "Cross Appeal and Appellate Brief" which contains additional "issues presented for review."

## ANALYSIS

### SUFFICIENCY OF EVIDENCE

Prokop asserts that Ulferts failed to present sufficient factual evidence to support the findings of the jury. He argues that Ulferts did not offer "acceptable" evidence including "invoices, phone records, record of work schedule and where, general documentary evidence [sic]."

The Nebraska Supreme Court has stated that "in determining the sufficiency of the evidence to sustain a verdict in a civil case, an appellate court considers the evidence most favorably to the successful party and resolves evidentiary conflicts in favor of such party, who is entitled to every reasonable inference deducible from the evidence." *Pierce v. Landmark Mgmt. Group*, 293 Neb. 890, 880 N.W.2d 885 (2016).

While additional evidence might have been beneficial, the jury concluded that the facts, as presented, supported a finding in Ulferts' favor. Upon our review of the evidence, we conclude that the evidence was sufficient to support the jury's verdict.

Prokop also argues that Ulferts did not provide proper or sufficient foundation for the evidence provided and that Ulferts relied on "general heresay [sic] in what the Plaintiff considered evidenciary [sic] material." Prokop's citation to the record corresponds with his objection to Exhibit 5 on the basis that there was "no proper and sufficient foundation" showing that the letter was "posted and received." Prokop's objection was sustained.

Following Prokop's objection, Ulferts testified that he prepared the document on January 10, 2011 and sent it to Prokop by first class mail on the same day. Ulferts testified that he provided sufficient postage and he did not receive the letter back as being undelivered. The document was received as Exhibit 5, over Prokop's renewed objection. Ulferts' testimony provided foundation for the document and was not hearsay. Thus the court did not err in overruling Prokop's renewed objection. Prokop does not specifically identify or argue that there were any additional

foundational objections which should have been sustained. To the extent that Prokop argues that the court erred in receiving Exhibit 5, we find that this assignment of error is without merit.

## BREACH OF CONTRACT

Prokop asserts that Ulferts made an initial breach of the clear terms of the contract. He states that the court determined that he breached the contract when he failed to pay Ulferts in January, and argues that Ulferts' alleged breach occurred first. Prokop argues that Ulferts' breach would have absolved him of any obligation under the contract and he argues that the court's findings were arbitrary, capricious, and biased.

Any argument regarding Ulferts' alleged breach was not presented at trial, and Prokop did not offer or request a jury instruction on this issue. Pro se litigants, like any other, may not present issues, arguments and theories for the first time on appeal. *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015). In the absence of plain error, when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Woodle v. Commonwealth Land Title Ins. Co.,* 287 Neb. 917, 844 N.W.2d 806 (2014). We find no plain error in the jury's finding in Ulferts' favor.

## RULES OF DISCOVERY

Prokop asserts that Ulferts failed to follow the rules of discovery. Specifically he asserts Ulferts failed to provide Exhibit 7 to him for inspection prior to trial. He argues that he was only allowed ten minutes to review the contract on the day of trial. Prokop does not indicate that he made any objection at trial to Ulfert's alleged failure to follow the discovery rules. A lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Friedman v. Friedman, supra.* The district court was not provided with an opportunity to rule on this issue. In the absence of plain error, this assignment of error is waived.

Ultimately Exhibit 7 was offered into evidence by Prokop, and both parties testified regarding its contents. Even if it was not provided to Prokop prior to trial, the introduction of Exhibit 7 into evidence was not prejudicial to Prokop and we find no plain error. Thus, this assignment of error is without merit.

## JUDICIAL BIAS

Prokop asserts the district court exhibited prejudice and bias toward him during the proceedings. He argues that there appeared to be "collusion between the Court and the Plaintiff" and that his hands were tied by the court's ruling that he was not allowed to conduct discovery. Prokop refers to matters discussed at a pretrial hearing, however a transcript of the hearing was not provided to this court for review. As a general proposition, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Pierce v. Landmark Mgmt. Group, supra.* The record is insufficient to support his assigned errors regarding proceedings held before trial.

Prokop asserts the trial court's rulings regarding pretrial discovery were prejudicial to him. The Nebraska Supreme Court has stated that "it is generally too late to raise the issue of

disqualification after the matter is submitted for decision" based on the principle that a party may not gamble on a favorable decision. *Blaser v. County of Madison*, 285 Neb. 290, 826 N.W.2d 554 (2013). The issue of disqualification is timely if submitted at the earliest practicable opportunity after the disqualifying facts are discovered. *Id.* Prokop was obligated to make a timely objection to any perceived misconduct or bias by the trial judge, and if the judge's fairness of impartiality regarding pretrial matters was called into question, Prokop should have made a motion for recusal before or during trial. Prokop made no such objection or motion, therefore the issue of disqualification was waived.

Prokop also asserts the trial court allowed hearsay evidence which was prejudicial to him. He does not refer to any specific instances of hearsay or indicate that he made any hearsay objections. As previously stated, a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Friedman v. Friedman, supra.*

## ADEQUACY OF LEGAL COUNSEL

Prokop asserts that he had inadequate legal representation because counsel failed to "ask for appropriate legal remedies" on several occasions during trial. This court has held that in Nebraska, the claim of ineffective assistance of counsel is reserved for a defendant in a criminal action. *In re Interest of Azia B.*, 10 Neb. App. 124, 626 N.W.2d 602 (2001). A lawsuit for malpractice is the usual remedy for one dissatisfied with counsel's performance in a civil action.

The district court had no part in retention of Prokop's legal counsel, therefore there is no action for this court to review on appeal.

## PROKOP'S "CROSS APPEAL"

Prokop filed a document titled "Cross Appeal and Appellate Brief" on December 3, 2015. This document contains additional assignments of error. The Nebraska Supreme Court rules do not allow an appellant to file a cross-appeal, or to raise additional errors outside of an appellant's brief. Only an appellee is specifically permitted to file a cross appeal, and even then it must be undertaken in the manner provided by the Nebraska Supreme Court rules. See Neb. Ct. R. App. P. § 2-109(D)(4).

The rule governing the appellant's brief states that "Each assignment of error shall be separately numbered and paragraphed, bearing in mind that consideration of the case will be limited to errors assigned and discussed." Neb. Ct. R. App. P. § 2-109(D)(1)(e). Accordingly, the errors assigned in Prokop's purported cross-appeal will not be addressed.

## CONCLUSION

We affirm the order of the district court, entering judgment in favor of Ulferts in the amount of $5,348.76.

AFFIRMED.